IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| R. WAYNE KLEIN, as Receiver,<br><br>Plaintiff,<br><br>v.<br><br>INA MARIE NEWMAN, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:19-cv-00623-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This is an ancillary action to *United States v. RaPower-3, LLC et al.*, 2:15-cv-00828-DN-DAO (D. Utah) ("Civil Enforcement Case"), brought by Plaintiff R. Wayne Klein, the Court-Appointed Receiver ("Receiver") of RaPower-3, LLC ("RaPower"), International Automated Systems Inc. ("IAS"), LTB1, LLC ("LTB1"), their subsidiaries and affiliates,[1] and the assets of Neldon Johnson ("Johnson") and R. Gregory Shepard ("Shepard").[2] In the Civil Enforcement Case, the Receivership Entities were found to be operated as an abusive tax fraud to enable funding for Johnson and his family. The Receiver's Complaint in this case asserts four causes of action against Defendant Ina Marie Newman ("Newman") to recover money transfers that IAS made to her or for her benefit, and for which IAS received no value or benefit.[3]

---

[1] Collectively, unless stated otherwise, RaPower, IAS, LTB1, and all subsidiaries and affiliated entities are referred to herein as "Receivership Entities." The subsidiaries and affiliated entities are: Solco I, LLC ("Solco"); XSun Energy, LLC ("XSun"); Cobblestone Centre, LC ("Cobblestone"); LTB O&M, LLC; U-Check, Inc.; DCL16BLT, Inc.; DCL-16A, Inc.; N.P. Johnson Family Limited Partnership; Solstice Enterprises, Inc.; Black Night Enterprises, Inc.; Starlite Holdings, Inc.; Shepard Energy; and Shepard Global, Inc.

[2] Collectively, RaPower, IAS, LTB1, Shepard, and Johnson are referred to herein as the "Receivership Defendants."

[3] Complaint, docket no. 2, filed Sept. 4, 2019.

The Receiver seeks summary judgment on each of his First, Second, and Third causes of action arguing that the transfers to Newman are voidable because they were made with actual or constructive fraud.[4] The Receiver also seeks summary judgment on his Fourth cause of action arguing that Newman was unjustly enriched by the transfers.[5] Specifically, the Receiver argues that the transfers IAS made to Newman, and those from which she benefited, were made to satisfy Johnson and Newman's personal obligations on a loan from Zions Bank, and Johnson's personal obligations to Newman under a divorce decree.[6]

Newman argues that disputed issues of material fact preclude entry of summary judgment.[7] Specifically, Newman argues that disputed issues of fact exist regarding the value of the transfers provided by IAS; whether reasonably equivalent value was exchanged for the transfers; and whether Newman unjustly benefited from the transfers.[8]

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way"[10] or "if a reasonable jury could return a verdict for the nonmoving party."[11] A fact is material if "it is essential to the proper disposition of [a] claim."[12] And in ruling on a motion for

---

[4] Receiver's Motion for Summary Judgment at 13-23, docket no. 26, filed Jan. 22, 2021.

[5] *Id*. at 23-25.

[6] *Id*.

[7] Memorandum in Opposition to Receiver's Motion for Summary Judgment, docket no. 27, filed Feb. 19, 2021.

[8] *Id*. at 19-37.

[9] Fed. R. Civ. P. 56(a).

[10] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[11] *Universal Money Ctrs., Inc. v. Am. Tel. & Tel. Co.*, 22 F.3d 1527, 1529 (10th Cir. 1994) (internal quotations omitted).

[12] *Adler*, 144 F.3d at 670.

summary judgment, the factual record and all reasonable inferences drawn therefrom are viewed in a light most favorably to the nonmoving party.[13]

Because of the existence of genuine issues of material fact, summary judgment cannot be entered on the Receiver's causes of action. In particular, and among other things, disputed factual issues exist regarding whether IAS received reasonably equivalent value for the transfers through Newman's release of claims against IAS; IAS's use of the property which secured the Johnson and Newman's Zions Bank loan; and a reduction of debt that IAS owed to Johnson. These disputed factual issues preclude a determination that the Receiver is entitled to judgment as a matter of law on the Receiver's fraudulent transfer and unjust enrichment claims. Therefore, the Receiver's Motion for Summary Judgment[14] is DENIED.

## ORDER

IT IS HEREBY ORDERED that the Receiver's Motion for Summary Judgment[15] is DENIED.

Signed April 28, 2021.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[13] *Id.*

[14] Docket no. 26, filed Jan. 22, 2021.

[15] Docket no. 26, filed Jan. 22, 2021.